IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARYLEE ARRIGO,

                                OPINION AND ORDER

           Plaintiff,

                                 13-cv-437-bbc

   v.

LINK STOP, INC.,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     In this case brought under Title VII of the Civil Rights Act and the Americans with Disabilities Act, plaintiff Marylee Arrigo contends that her former employer defendant Link Stop, Inc. discriminated against her because she was pregnant and because she had an anxiety disorder. The case arises out of the same facts as Arrigo v. Link Stop, Inc., No. 12-cv-700-bbc (W.D. Wis.), in which plaintiff contended that defendant (as well as several other related companies) discriminated against her for taking medical leave, in violation of the Family and Medical Leave Act. In both cases, plaintiff says that defendant mistreated her and then fired her after she took medical leave for an anxiety disorder and then informed defendant that she was pregnant.

     Initially, plaintiff sought leave to amend her complaint in case no. 12-cv-700-bbc to include claims for pregnancy and disability discrimination, but I denied that motion as untimely and unfairly prejudicial to defendants. Now that plaintiff has filed a new lawsuit,

1

defendant has filed a motion to dismiss it under the doctrine of claim preclusion and the rule against claim splitting. Dkt. #4. In addition, defendant has filed a motion to take judicial notice of various documents filed in case no. 12-cv-700-bbc, dkt. #5, which will be granted as unopposed. Because I agree with defendant that plaintiff should have brought a timely request to join all of her claims in the same lawsuit, I am granting the motion to dismiss as well.

BACKGROUND

In February 2011, plaintiff submitted a complaint to the Wisconsin Department of Workforce Development against defendant Link Stop, asserting claims for pregnancy and disability discrimination under the Americans with Disabilities Act and Title VII of the Civil Rights Act. Around the same time, she filed an administrative complaint under the Wisconsin Fair Employment Act and the Wisconsin Family and Medical Leave Act, also with the Equal Rights Division. Plaintiff did not include a claim under the federal Family and Medical Leave Act because that statute does not include an exhaustion requirement, as her other federal claims do.

On May 8, 2012, plaintiff received a "probable cause" determination from the Equal Rights Division. A hearing on her claims was scheduled for November 2012. Concerned about the statute of limitations on her FMLA claim, plaintiff asked defendant in August 2012 to "toll" her FMLA claim so that she could bring all of her claims to court at the same time, but defendant did not agree to this.

2

In September 2012, plaintiff filed a complaint under the FMLA in this court. <u>Arrigo v. Link Stop, Inc.</u>, No. 12-cv-700-bbc (W.D. Wis.). In November 2012, the Equal Rights Division held the hearing as scheduled, but then continued the hearing to February 2013 when it could not be completed in the allotted time.

In January 2013, after receiving certain documents from defendant, plaintiff determined that defendant did not have a sufficient number of employees to be held liable on her state law claims. As a result, in February 2013, plaintiff decided to dismiss *all* of her claims pending before the Equal Rights Division. (Plaintiff does not say why she decided to dismiss her federal claims along with her state law claims.)

In March 2013, plaintiff informed defendant that she intended to file an amended complaint in case no. 12-cv-700-bbc to add claims for pregnancy discrimination under Title VII and disability discrimination under the Americans with Disabilities Act. In response, defendant stated that it would not stipulate to an amendment.

On April 1, 2013, plaintiff filed a motion for leave to amend her complaint in case no. 12-cv-700-bbc to include the pregnancy and disability discrimination claims. On or about April 4, 2013, the Equal Employment Opportunities Commission issued a "right to sue" letter to plaintiff. In an order dated May 23, 2013, I denied plaintiff's motion on the grounds that plaintiff had waited to file the motion until only a few weeks before the deadline for filing dispositive motions (four months after the deadline for amending the complaint) and that allowing plaintiff to change the scope of the lawsuit at that late date would unfairly prejudice defendants. Dkt. #79.

In June 2013, plaintiff filed this lawsuit.

OPINION

Under the doctrine of claim preclusion, parties may not litigate claims that they raised or could have raised in a previous lawsuit arising out of the same set of facts. Highway J Citizens Group v. United States Dept. of Transportation, 456 F.3d 734, 741 (7th Cir. 2006). In this case, there is no dispute that plaintiff's claims under Title VII and the ADA relate to the same events at issue in her claims under the FMLA, but she argues that she was unable to bring all of her claims at the same time. The reason is that Title VII and the ADA require plaintiffs to exhaust their administrative remedies, 42 U.S.C. § 2000e-5; 42 U.S.C. § 12117(a); Teal v. Potter, 559 F.3d 687, 691-92 (7th Cir. 2009), and the deadline for filing a lawsuit under those statutes is not set until the plaintiff receives a "right to sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Because the FMLA does not include an exhaustion requirement, Fialho v. Girl Scouts of Milwaukee Area, Inc., No. 06-C-1218, 2007 WL 1246433 (E.D. Wis. Apr. 30, 2007), the statute of limitations for an FMLA claim may run before a claim under Title VII or the ADA, even though all the claims arise out of the same events.

Plaintiff suggests in her briefs that the different limitation periods left her no choice but to litigate her FMLA claim first without waiting until she completed the administrative proceedings on her Title VII and ADA claims, but that is incorrect. In Herrmann v. Cencom Cable Associates, Inc., 999 F.2d 223, 225 (7th Cir. 1993), the court explained exactly what

an employee should do if he finds himself in a situation like plaintiff's: "the employee can sue on his other claims, ask the court . . . to stay the proceedings until the Title VII administrative process is complete, and then if the process does not end in a way that satisfies him amend his complaint to add a Title VII count." The court rejected the view that principles of claim preclusion apply differently simply because claims that should be brought together might have different limitation periods. Id.

The court reaffirmed this conclusion recently in Czarniecki v. City of Chicago, 633 F.3d 545 (7th Cir. 2011). The plaintiff argued that claim preclusion should not apply to a Title VII claim that arose out of the same facts as a previously litigated 42 U.S.C. § 1983 claim, again on the ground that the administrative proceedings related to the Title VII claim prevented him from bringing the claim at the same time as the § 1983 claim. The court rejected the plaintiff's argument as "meritless," observing that "[p]laintiffs in the same situation as Czarniecki—seeking relief under § 1983 and Title VII or other federal employment discrimination statutes for the same adverse employment action—routinely ask district courts to stay the first lawsuit until they obtain a right-to-sue letter." Id. at 550. See also Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 339 (7th Cir. 1995) ("Brzostowski could have . . . requested that the court postpone or stay the first case. What he cannot do, as he did here, is split causes of action and use different theories of recovery as separate bases for multiple suits.").

Like the plaintiff in Czarnieki, plaintiff did not ask the court to stay case no. 12-cv-700-bbc until she was finished with the administrative proceedings for her other claims and

5

she did not inform the court that she intended to amend her complaint to include additional claims at some point down the road so that the case schedule could be adjusted accordingly. Further, she does not explain why she ignored the instructions that the court of appeals has given in multiple cases since 1993.  Under these circumstances, I see no reason why claim preclusion should not apply in this case.

The one difference between Czarnieki and this case is that the plaintiff in Czarnieki did not file the second lawsuit until after the court had entered judgment in the first case, whereas case no. 12-cv-700-bbc is still open and proceeding to trial.  Plaintiff points out that one element of claim preclusion is "a final judgment on the merits" in the earlier case, Bernstein v. Bankert, 702 F.3d 964, 995 (7th Cir. 2012), an element that plaintiff says cannot be met while case no. 12-cv-700-bbc remains open.  In response, defendant argues that the court's decision to deny plaintiff's motion for leave to amend her complaint in case no. 12-cv-700-bbc satisfies the "final judgment" requirement. E.g., Anderson v. Guaranteed Rate, Inc., 13 C 431, 2013 WL 2319138 (N.D. Ill. May 28, 2013) ("[A] court's decision to deny a litigant an opportunity to amend his complaint to add new claims constitutes a final judgment on those putative new claims for res judicata purposes.")(citing Landscape Properties v. Whisenhunt, 127 F.3d 678, 683 (8th Cir. 1997); Huck v. Dawson, 106 F.3d 45, 49–50 (3d Cir. 1997); King v. Hoover Group, Inc., 958 F.2d 219, 222–23 (8th Cir. 1992); Johnson v. SCA Disposal Services, 931 F.2d 970, 974–76 (1st Cir. 1991)). Alternatively, defendant argues that the court should apply the rule against "claim splitting," which "bars a party from maintaining a suit that arises from the transaction or events

underlying a previous suit simply by changing [her] legal theory." Id. at *4.

Neither side cites any cases in which the Court of Appeals for the Seventh Circuit has determined whether the denial of a motion for leave to amend a complaint may qualify as a judgment on the merits for the purpose of claim preclusion or whether a party may assert claim splitting as a defense separate from claim preclusion under federal law. (Defendant cites Johnson v. Cypress Hill, 641 F.3d 867 (7th Cir. 2011), for the former proposition and Carr v. Tillery, 591 F.3d 909, 913–14 (7th Cir. 2010), for the latter, but in neither case did the court discuss the issue for which defendant cites the case.) However, regardless whether I view the issue as one of claim preclusion or claim splitting, it makes no sense to allow this case to proceed further. Trial in case no. 12-cv-700-bbc is scheduled for May 2014 while trial in this case is scheduled for February 2015. Thus, if I concluded in this order that case no. 12-cv-700-bbc could not have preclusive effect until judgment was entered in that case, dismissal of this case would be inevitable, just delayed. Thus, denying defendant's motion on the ground that no judgment has been entered yet in case no. 12-cv-700-bbc would serve no purpose but to waste more resources of both the parties and the court.

Moreover, if plaintiff were allowed to litigate a new lawsuit now, it would undermine the decision denying plaintiff's motion for leave to amend her complaint. I denied the motion because it was untimely and would cause unfair prejudice to defendant. Forcing defendant to litigate related claims in two different lawsuits proceeding on different schedules would be even more prejudicial than permitting the untimely amendment.

Alternatively, plaintiff argues that neither claim preclusion nor the rule against claim

7

splitting should apply, either because defendant waived a claim preclusion defense or because plaintiff's "right to pursue her [Title VII and ADA] claims was expressly preserved below in the ERD proceedings." Plt.'s Br., dkt. #6, at 19. Neither argument is persuasive.

Like any other affirmative defense, claim preclusion can be waived if it is not asserted, Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir. 1996), though the Court of Appeals for the Seventh Circuit has suggested that a district court's interest in managing its own docket may allow a court to raise the defense regardless of waiver. Arrow Gear Co. v. Downers Grove Sanitary District, 629 F.3d 633, 638 (7th Cir. 2010) (claim preclusion "serves institutional as well as private interests—interests similar to those served by forbidding piecemeal appeals. . . . [Its] aim [is to] forc[e] closely related claims to be consolidated in a single proceeding, whether original or appellate, in order to economize on the expenditure of judicial resources for which litigants don't pay."). In any event, it is difficult to see how defendant could have waived its defense when it filed its motion to dismiss less than a month after plaintiff filed this case.

Plaintiff says that defendant "consented" to defending split claims when it "declined Plaintiff's offer to toll her FMLA claims in August 2012," when it failed to object to plaintiff's voluntary dismissal of her claims before the Equal Rights Division and when it opposed plaintiff's motion for leave to amend her complaint in case no. 12-cv-700-bbc. Plt.'s Br., dkt. #6, at 11-13. Although defendant could be accused of being unaccommodating, none of the actions plaintiff cites can be characterized fairly as "consent" or "waiver." Plaintiff cites several cases in support of her far-fetched theory, but each of

them is readily distinguishable.  Rosado v. General Electric Circuit Breakers, Inc., 805 F.2d 1085, 1086 (1st Cir. 1986) (defendant waived claim preclusion defense when it led plaintiff to believe that she should dismiss one case so that she could litigate another case already pending in another forum); Cowan v. Ernest Codelia, P.C., 149 F. Supp. 2d 67, 76-77 (S.D.N.Y. 2001) (defendant waived claim preclusion defense by failing to raise it before judgment); Stulberg v. Intermedics Orthopedics, Inc., 997 F. Supp. 1060, 1065 (N.D. Ill. 1998) (defendant waived claim preclusion defense by failing to plead it and allowing second case to proceed for several months without objecting).

Plaintiff's position seems to be that, by refusing her requests for accommodation, defendant "forced" her to split her claims into multiple lawsuits, so defendant should be estopped from objecting now.  However, as discussed above, the court of appeals has instructed parties in plaintiff's situation how to preserve their claims, so plaintiff was not at the mercy of defendant.

With respect to plaintiff's argument that she "preserved" her Title VII and ADA claims in the Equal Rights Division, she quotes a line from the order dismissing those claims that the order "shall not be construed as interfering, in any way with Complainant's rights to prosecute her claim in another forum."  Case No. 12-cv-700-bbc, dkt. #25-9.  And she cites Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc., 296 F.3d 624, 629 (7th Cir. 2002), for the proposition that "a  litigant's claims are not precluded if the court in an earlier action expressly reserves the litigant's right to bring those claims in a later action."

9

Plaintiff does not cite authority for the proposition that an order of the Equal Rights Division could bind a federal court, but even if it could, plaintiff's reliance on the order is misplaced. It was not plaintiff's decision to dismiss her claims before the Equal Rights Division that created the preclusion problem; it was her decision to litigate her FMLA claim in federal court without a timely request to join it with her Title VII and ADA claims. Thus, barring plaintiff from litigating the later claims now does not contradict the Equal Rights Division order.

Finally, plaintiff says that applying claim preclusion in this case would "contravene the policies behind claim preclusion," which are to protect against duplicative litigation and promote judicial economy. Torres v. Rebarchak, 814 F.2d 1219, 1226 (7th Cir. 1987). However, I do not see how allowing plaintiff to litigate two cases about the same events could help further any of the purposes of the doctrine. Again, plaintiff seems to put the blame on defendant for failing to agree to extend the limitations period on her FMLA claim, but, as discussed above, plaintiff had other options she could have employed. Accordingly, I am granting defendant's motion to dismiss the case with prejudice.

ORDER

IT IS ORDERED that

1. Defendant Link Stop, Inc.'s motion to take judicial notice of documents filed in case no. 12-cv-700-bbc, dkt. #5, is GRANTED as unopposed.

2. Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6), dkt. #4, is

GRANTED.  Plaintiff Marylee Arrigo's complaint is DISMISSED WITH PREJUDICE.

3.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 20th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge