IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARYLEE ARRIGO,

                                                                      ORDER

                      Plaintiff,

                                                                    13-cv-437-bbc

     v.

LINK STOP, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Marylee Arrigo brought this lawsuit against defendant Link Stop, Inc. under Title VII of the Civil Rights Act and the Americans with Disabilities Act, alleging that defendant discriminated against her both because she was pregnant and because she had an anxiety disorder.  In an order dated November 20, 2013, dkt. #18, I granted defendant's motion to dismiss on the ground that plaintiff should have brought a timely request to join her claims with those brought in <u>Arrigo v. Link Stop, Inc.</u>,12-cv-700-bbc (W.D. Wis.) because both cases arose out of the same facts. Two motions are now before the court:  (1) plaintiff's motion to supplement the record on appeal to include various filings from case no. 12-cv-700-bbc, dkt. #29; and (2) defendant's motion for attorney fees.  Dkt. #20.

      Neither motion requires extended discussion.  First, I see no reason to deny plaintiff's request to supplement the record with filings from case no. 12-cv-700-bbc.  The two cases are closely related and both the parties and the court relied on materials from the previous

1

case. Although defendant objects to plaintiff's request, it does not identify any unfair prejudice it will suffer by the inclusion of the additional records. Even if I were to deny the motion, the court of appeals could take judicial notice of the documents filed in the other case, so it makes sense to include those documents as a courtesy.

Second, I conclude that defendant is overreaching in seeking attorney fees from plaintiff. The parties agree that a defendant is entitled to recover attorney fees in a case brought under Title VII or the ADA only if the plaintiff's claims were "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978). That standard is not met in this case. As plaintiff points out, no judgment has been entered in case no. 12-cv-700-bbc, and the Court of Appeals for the Seventh Circuit has not yet decided whether the doctrines of claim preclusion or claim splitting may apply before a judgment has been entered. Although I agree with defendant that plaintiff is precluded from bringing a second lawsuit, it does not follow necessarily that defendant is entitled to fees.

Defendant ignores the uncertainty in the law in its opening brief, instead criticizing plaintiff for failing to follow the instructions in Czarniecki v. City of Chicago, 633 F.3d 545 (7th Cir. 2011), Brzostowski v. Laidlaw Waste Systems, Inc., 49 F.3d 337 (7th Cir. 1995), and Herrmann v. Cencom Cable Associates, Inc., 999 F.2d 223 (7th Cir. 1993), for preserving claims like those in this case that arise out of the same facts as another case but accrue at different times because of differences in exhaustion requirements. This criticism is ironic in light of defendant's own failure to cite any of those cases in its motion to dismiss.

In any event, regardless whether plaintiff should have followed the instructions in <u>Czarniecki</u>, <u>Brzostowski</u> and <u>Herrmann</u>, it does not change the fact that the law in this circuit is not settled on the question whether preclusion should apply under the circumstances of this case. Accordingly, I am denying defendant's motion for fees.

ORDER

IT IS ORDERED that

1. Plaintiff Marylee Arrigo's motion to supplement the record, dkt. #29, is GRANTED.

2. Defendant Link Stop, Inc.'s motion for attorney fees, dkt. #20, is DENIED.

Entered this 7th day of January, 2014.

                                                     BY THE COURT:
                                                     /s/
                                                     BARBARA B. CRABB
                                                     District Judge